PROFFITT *v.* RICE, REGISTRAR OF MOTOR VEHICLES.

(No. 33389—Decided March 11, 1969.)

Cincinnati Municipal Court.

*Mr. Louis J. Hendricks, Jr.*, for plaintiff.
*Mr. Melvin G. Rueger*, prosecuting attorney, and *Mr. Leonard Kirschner*, for defendant.

HEEKIN, J.    The court has heard the evidence that has been submitted in this matter.   In reaching my deci-

sion in the matter, I'd like to begin by calling attention to Section 4511.191 (F), Revised Code, which states that "The scope of such hearing"—and by "such hearing," the section has reference to a hearing similar to that which has taken place before this court—"shall be limited to the issue of whether a police officer had reasonable grounds to believe the person has been driving a motor vehicle upon a public highway in this state while under the influence of alcohol, whether the person was placed under arrest, whether he refused to submit to the test upon request of the officer, and whether he was advised of the consequences of his refusal."

Now, in effect, we have four factual questions presented here in the petition. In bringing a petition, under this section, and putting on evidence, you must show error in the action taken by the Registrar of Motor Vehicles. Any action taken by the Registrar of Motor Vehicles would not be an error, if, as a matter of fact, the four factual circumstances set forth in the sub-paragraph did exist. It's my feeling, after hearing the evidence, that these factual circumstances were present: that the plaintiff, in this case, was driving a motor vehicle on a highway in this state, and that the police officer had reasonable grounds to believe that he was operating such a motor vehicle in this state while under the influence of alcohol.

I also believe it has been established that the plaintiff in this case was placed under arrest, that he, in fact, refused to submit to the test upon the request of the officer by his conduct, and that he had been advised of the consequences of his refusal.

In fact, in addition to these factual determinations by the court, are what amounts to two legal questions: One, can the court go beyond these questions and answer other questions, and, two, if so, what type of question can the court answer?

I believe the section that I read clearly indicates that the scope of the hearing is limited to these issues, and that I can't go beyond the language in this section in conducting this hearing.

The specific item to which attention has been called is whether the failure, or alleged failure, to advise concerning the right of the plaintiff to have a physician, qualified technician, chemist, or registered nurse of his choosing administer a test in any way influences the outcome of this case.

Now, it's true the court allowed testimony on this subject. I did this, perhaps as a concession to the plaintiff in this case, but it's my own feeling that this does not pertain to the implied consent part of these sections of the Ohio Revised Code; that such advice must only be given as a prerequisite to the use of a police-administered test in a proceeding on a charge of driving while intoxicated, and that is not what we have before us today, and the failure to advise of these rights does not bear upon the point of implied consent, or the entire subject matter of Section 4511.19, Revised Code.

Now, in saying this, I realize that other courts, or at least one other court in this state, has arrived at a conclusion contrary to my own. I, however, read these sections, that is, Sections 4511.19 and 4511.191, Revised Code, differently than that court did, and I think I have made that difference clear.

So that the sum and substance of my ruling is that the defendant has shown no error in the proceedings, and that the suspensions imposed by the Registrar are, in effect, the result of a correct proceeding.

*Judgment for the defendant.*